UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| EDWARD LEE, | ) | |
| | ) | Case No. 1:24-cv-308 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| SHAWN PHILLIPS, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Edward Lee, a prisoner housed in the Bledsoe County Correctional Complex ("BCCX"), is proceeding pro se in a civil rights action under 42 U.S.C. § 1983 (Doc. 1). Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 4) and a single document containing motions to appoint counsel, be transferred, "hold [his] witness names back[,]" and obtain "the names of all on [his] lawsuit" (Doc. 6). For the reasons articulated below, the Court finds that Plaintiff's motions should be denied, and this action should be dismissed without prejudice to Plaintiff's ability to pay the filing fee and reinstate this case.

## I. "THREE STRIKES" UNDER 28 U.S.C. § 1915

The resolution of Plaintiff's motion to proceed *in forma pauperis* is guided by the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has had at least three cases dismissed under § 1915(g) for failure to state a claim upon which relief may be granted. *See Lee v. Rutherford Cnty. Adult Det. Ctr.*, 3:12-cv-107 (M.D. Tenn. Jan. 27, 2012) (dismissal for failure to state a claim); *Lee v. Vaughn,* 3:12-cv-339 (M.D. Tenn. Apr. 3, 2012) (same); *Lee v. Parton*, 1:24-cv-195 (E.D. Tenn. Aug. 27, 2014) (dismissal for failure to state a claim and failure to prosecute). Accordingly, the Court finds that Plaintiff has abused his *in forma pauperis* privileges. Therefore, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER

The three strikes provision of the PLRA has an exception which allows a prisoner with three or more "strikes" to proceed *in forma pauperis* if his complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where a court, "informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed his complaint. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citation omitted). But it is intended "as an escape hatch for genuine emergencies only." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Therefore, the threat must also be "real and proximate" at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

Plaintiff's complaint alleges that he was subjected to an improper strip search on August

8, 2024. (*See* Doc. 1, at 3–5.) Such allegations do not suggest Plaintiff faced imminent danger at the time he filed this lawsuit, and the Court finds Plaintiff is not entitled to the emergency intervention envisioned by the three-strikes exception to the PLRA.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) is **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Plaintiff's remaining motions (Doc. 6) are **DENIED as moot**. Accordingly, this case will be **CLOSED**.

Additionally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**